## (March 26, 1969)

■     PAUL MILSTEIN et al. v. JOHN T. O'NEILL et al.— In view of the finding by the Special Term that the failure to proceed with the foundation "raised a serious potential safety hazard to adjoining occupied multiple dwellings and to pedestrians and vehicular traffic on the abutting streets by reason of rock slides or collapse," the stay effected by CPLR 5519 is modified so as to direct respondents-appellants to issue to petitioners a conditional permit for Foundation-Exterior Walls Only. The permit for Foundation-Exterior Walls Only shall be limited to the construction of a foundation utilizable by, consistent with and not in excess of the requirements of either the structure permitted by the variance or a building conforming to the existing zoning resolution. A preference is granted to the petitioners. The appeal shall be placed on the April 1969 Term calendar for hearing on April 18, 1969. Appellants are permitted to appeal on the original record if they so desire, papers on appeal to be served and filed by April 14, 1969, with notes of issue for April 18, 1969; respondents' brief to be filed by April 16, 1969, and reply, if any, to be filed by April 18, 1969. Concur — Capozzoli, J. P., Tilzer, Markewich, Nunez and McNally, JJ.

## (March 27, 1969)

■     In the Matter of WALTER SIMMONS, Respondent, v. SAFEWAY STEEL SCAFFOLDS SUPPLY CORP., Appellant, and GRAMERCY PARK TOWERS, INC., Respondent.— Order entered September 10, 1968, unanimously modified, on the law and in the exercise of discretion, to provide that removal of the action from Civil to Supreme Court to be conditioned on payment by petitioner-respondent (plaintiff in the Civil Court action) to respondent-appellant (defendant in the Civil Court action) of $250 costs, within 20 days after service of a copy of the order to be entered hereon, and, as so modified, affirmed, without other costs or disbursements. While there was a reasonable basis for the relief granted at Trial Term, plaintiff (petitioner-respondent) unduly delayed his application therefor until the very eve of trial in Civil Court, for which defendant (respondent-appellant) had made preparation, and, in the circumstances, terms should have been imposed as a condition for the granting of the motion. Concur — Capozzoli, J. P., McGivern, Markewich and Steuer, JJ.; Rabin, J., deceased.